**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000792
29-FEB-2024
07:46 AM
Dkt. 95 SO**

NO. CAAP-19-0000792

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


SHELDON COLLIER, Plaintiff-Appellant, v.
STATE OF HAWAIʻI, Defendant-Appellee, and
JOHN DOES 1-5, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171000406)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Plaintiff-Appellant Sheldon Collier (**Collier**) appeals from the October 3, 2019 Judgment (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Defendant-Appellee State of Hawaiʻi (**State**).[1] Collier also challenges the Circuit Court's July 10, 2019 Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)] and Order; Notice of Entry (**FOFs, COLs, and Order**).

Collier raises six points of error on appeal, contending that: (1) the FOFs are inadequate because they did

---

[1] The Honorable James H. Ashford presided.

not include facts pertinent to his Complaint or his argument at trial; (2) COL 4 is incorrect because the Department of Public Safety (**DPS**) "did not properly follow [Hawaii Revised Statutes (**HRS**) § 706-]668.5 for 20 years (1986 to December 31, 2004)," and because DPS's "new practice is retroactive without any procedural safeguards to prevent what promised to be a high risk of over detention"; (3) COL 5 is incorrect because the manner in which DPS recalculated Collier's release date was a "fail[ure] to apply reasonable safety precautions to avoid an elevated foreseeable risk of over detention"; (4) COL 6 is incorrect because Collier was overdetained and the "delay was the result of [DPS's] negligence"; (5) COL 7 is incorrect because Collier "did <u>prove</u> he was overdetained by getting a Second Amended Judgment"; and (6) the FOFs, COLs, and Order and Judgment are incorrect because the FOFs do not "address any of the issues of the negligence claimed" and because the COLs "are infirm and being supported by inadequate findings as to [Collier's] claim of negligence."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Collier's points of error as follows:

(1) Collier argues that the Circuit Court failed to make FOFs necessary to address his negligence claims. Collier also argues that the inadequate FOFs rendered the COLs infirm and led to an erroneous judgment.

> We have held that "[w]here an appellant alleges that the trial court failed to make adequate findings of fact,

2

> the appellate court will examine all the findings, as made, to determine whether they are (1) supported by the evidence; and (2) sufficiently comprehensive and pertinent to the issues in the case to form a basis for the conclusions of law. <u>If those findings include sufficient subsidiary facts to disclose to the reviewing court the steps by which the lower court reached its ultimate conclusion on each factual issue, then the findings are adequate</u>."

<u>State v. Ramos-Saunders</u>, 135 Hawaiʻi 299, 304, 349 P.3d 406, 411 (App. 2015) (citation omitted; emphasis added).

Collier argues that his claims that he was overdetained due to the State's negligence and that precautionary measures would have prevented his overdetention were not addressed in the FOFs.

The Circuit Court's FOFs include, *inter alia*, that: DPS modified its sentencing practices to conform to HRS § 706-668.5(1) "on or about January 1, 2005"; the Amended Judgment sentencing Collier to five years imprisonment did not state "that the terms were to run concurrently with any other sentence"; Collier, while released on parole, violated the terms of parole, and HPA informed Collier that his release date was April 18, 2009; DPS employee Nettie Arias (**Arias**) then recalculated Collier's sentence in February of 2008 pursuant to DPS Policy No.: COR.05.05, which brought DPS in conformity with HRS § 706-668.5(1); Arias notified Collier that his original release date was extended from April 18, 2009, to July 31, 2012; Collier testified that the change was devastating and that he told Arias the recalculation was a mistake; Collier's then-counsel filed the Motion to Amend Judgment, resulting in the Second Amended

3

Judgment, which ordered Collier's sentences "to be served concurrently"; and DPS released Collier the next day.

The FOFs are supported by substantial evidence in the record, are pertinent to the issues concerning Collier's alleged overdetention, and include sufficient facts to allow this court to review the Circuit Court's ultimate conclusion. Thus, we conclude that Collier's argument is without merit.

(2) Collier argues that COLs 4-7 are incorrect because the State did not prevent the foreseeable harm of overdetainment that came with his recalculated release date.

Based upon the record before us and, *inter alia*, the version of HRS § 706-668.5(1) that was in effect in February of 2008, we conclude that the Circuit Court did not err in concluding that Collier was not overdetained and did not otherwise err in COLs 4-7. Arias correctly recalculated Collier's release date based on the terms of the Amended Judgment and the version of HRS § 706-668.5(1) in effect at the time. <u>See</u> <u>Simeona v. Dydasco</u>, CAAP-12-0000706, 2015 WL 1400952, *1 (Haw. App. March 27, 2015) (SDO); <u>Alston v. Read</u>, 663 F.3d 1094 (9th Cir. 2011). Collier was released the day after the Second Amended Judgment was entered. Because Collier was not overdetained, his claim of negligence and any other claims based on overdetention, fail.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

For these reasons, the Circuit Court's October 3, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, February 29, 2024.

On the briefs:                              /s/ Katherine G. Leonard
                                            Acting Chief Judge
Jack Schweigert,
for Plaintiff-Appellant.                    /s/ Keith K. Hiraoka
                                            Associate Judge
Caron M. Inagaki,
Kendall J. Moser,                           /s/ Clyde J. Wadsworth
William K. Awong,                           Associate Judge
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee.